# RE NATURALIZATION OF EDMUND C. LESCH-HORN.

---

San Juan, Naturalization.

Practice—Dismissal without Prejudice.
　　1. A dismissal without prejudice removes the matter from the

Re Leschhorn.

docket of the court, and does not authorize proceeding without a new petition.

Naturalization—Terms of the Court.

2. The Naturalization Law does not proceed according to the terms of court otherwise prevailing, and a previous order for a dismissal may be set aside and the matter taken up, but not at such a time as will affect the ninety days' notice to the commissioner of naturalization, required by law.

Opinion filed June 17, 1918.

_____

*Mr. H. G. Molina* for petitioner.

*Mr. Miles M. Martin,* District Attorney, for the government.

HAMILTON, Judge, delivered the following opinion:

This matter comes up on the motion of petitioner Leschhorn, praying that the order of this court of July 23, 1917, be suspended, and that permission be given to amend the application in order that the same may be considered as having been pending ninety days, so that the matter of final naturalization may come during the sitting of this court as to naturalization business during July, 1918. The facts shown by the motion and affidavits are that petitioner made application for his first papers on May 12, 1912, in New Jersey, and in December, 1916, applied in New Jersey for final papers; but, as he had not been resident for three months, was unable to complete the matter. Petitioner became a resident of Porto Rico, and immediately upon the passage of the organic act giving this court jurisdiction over naturalization matters, he applied for necessary forms and received them on June 27 of that year. Mean-

Re Leschhorn.

while war had arisen between Germany and the United States, and the application was, on July 23, 1917, dismissed without prejudice. That an act of Congress, approved May 9, 1918, provides that alien enemies who have taken out their first papers from two to seven years before this war might now complete naturalization. That petitioner is married to an American woman, has a child, and not only is the situation causing great suffering to her, but she will have to register as an alien enemy, and the means of livelihood of the petitioner and his wife are jeopardized. The motion further avers upon oath that petitioner is thoroughly American in feeling, and has receded from views he once entertained as to war between Germany and England, and considers the conduct of Germany in this war as barbarous. The affidavit of the wife, Helen Leschhorn, shows she was married to the petitioner December 28, 1912, after he had taken out his first papers, and otherwise substantiates the motion, and asks that she may be spared "the contempt, humiliation, and hardship unjustly imposed upon her, and that she may not be compelled to be considered as a citizen of an alien nation which she heartily despises and hates."

1. The matter now before the court presents a case of great hardship, especially on the part of the wife and child. If that were the criterion to be followed there would be no difficulty in the solution. The question, however, is one of law designed for the interest of the United States during this war, and must be considered on that basis.

The object of the motion now made is that the original petition, which was, with the assent of the petitioner, formerly dismissed without prejudice, be now revived so that the ninety

Re Leschhorn.

days' notice to the commissioner of naturalization may be considered as running. Terms of court do not apply to naturalization matters, and there seems to be no reason why the court may not control orders made therein as it controls orders made in other proceedings, provided, of course, that notice issue to the party adversely interested,—in this case, the government. In the case at bar, the district attorney has been notified of the application and opposes it. The parties are therefore before the court.

A dismissal without prejudice ordinarily means a dismissal without prejudice to the right to file a new petition. This is not the proper method of procedure when the court desires to keep the particular petition pending before it. The practice in such case is a continuance of the matter, or a direction that it remain upon the docket with leave to the parties interested to call it up at a later time. It would seem that a proper construction, therefore, of the dismissal of the petition without prejudice was that the matter could be brought up again by a new petition; not that it could be brought up again upon the same petition.

2. Possibly the same result could be arrived at by setting aside the order itself, dismissing the first application. This would leave the matter pending for decision. It would not, however, do away with the necessity for notice to the commissioner by § 11 of the new act approved May 9, 1918, "To Amend the Naturalization Laws and to Repeal Certain Sections of the Revised Statutes of the United States and Other Laws Relating to Naturalization, and for Other Purposes," being Public, No. 144 of the 65th Congress [40 Stat. at L. 542, chap. 69, Comp. Stat. § 4352]. It is true that the original pro-

Re Leschhorn.

ceeding required and was followed by ninety days' publication, under which the commissioner of naturalization appeared. The theory of the new motion is that reinstating the petition reinstates it with the commissioner of naturalization in court. Even if this be true, it does not do away with the requirement in the new act that "no alien embraced within this subdivision shall have his petition for naturalization called for a hearing or heard except after ninety days' notice given by the clerk of the court to the commissioner or deputy commissioner of naturalization to be present, and the petition shall be given no final hearing except in open court and after such notice," unless the commissioner waived the time. Acts of this character passed in regard to alien enemies are to be construed as advancing the general objects contained therein, and are certainly not to be construed technically in favor of the alien applicant and against the government of the United States. The commissioner of naturalization might well consider that the matter was ended with the former decree of this court. Equity and the words of the statute would seem to call for a new notice of ninety days to the commissioner before the case could be taken up. Reinstating the old application would not give the ninety days' notice.

The proper plan would seem, therefore, to be to refuse the present motion, and to require the petitioner to file a new application stating the appropriate facts, and thereupon to set the hearing for a date which will give ninety days' notice. The agent of the commissioner is supposed to be here in July, and can examine the facts at that time and leave any instructions required with the district attorney. This will avoid making the petitioner wait until December, and at the same time

will give the commissioner the notice required by law. The new application will be heard upon this ninety days' notice without regard to the previous ruling that naturalization matters will be taken up in July and December; for the new statute fixes only ninety days' special notice, and that will be followed. If a case should come up in which the ninety days would not embrace either July or December it will be separately considered. That, however, is not the case here.

It follows, therefore, that the motion is refused, with permission to movant to proceed in accordance with this opinion.

It is so ordered.